IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-02-252 (6) |
| | § | |
| ANDRES MARTINEZ, | § | |
| | § | |
|    Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER GIVING NOTICE TO MOVANT OF RECHARACTERIZATION

Andres Martinez ("Martinez") was sentenced by this Court on January 21, 2003, and judgment of conviction was entered on January 24, 2003. (D.E. 155, 158). Martinez appealed, and the Fifth Circuit affirmed in a *per curiam* opinion issued on October 21, 2003. (D.E. 188). On October 11, 2005, the Clerk of this Court received from Martinez a motion titled as a "Motion for Resentencing," in which he seeks relief pursuant to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). (D.E. 232). The motion is now pending before the Court.

In his brief motion, Martinez requests that this Court resentence him in light of Booker. (D.E. 232). Specifically, he claims that his sentence was unconstitutional because it was enhanced based on facts found by the Court based on a preponderance standard, and because those facts were not charged in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. (D.E. 232 at 1).

Although the motion does not explicitly reference 28 U.S.C. § 2255, he is seeking to have his sentence vacated, and thus the relief he seeks should have been brought in a motion under 28 U.S.C. § 2255. Because he has not indicated an intent to file such a motion, however, the Court will not construe the motion as a § 2255 motion until it gives the warnings discussed by the Supreme Court in Castro v. United States, 124 S. Ct. 786 (2003). The Supreme Court's decision in Castro held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion, in the absence of adequate notice and warning to the defendant as to the consequences of recharacterization.[1] 124 S. Ct. at 792.

Pursuant to Castro, therefore, Martinez is hereby advised that the Court intends to characterize the claims raised in his motion as his stated grounds for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is further advised that, if the Court characterizes his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Martinez will be required to seek, and acquire, the approval of the Fifth Circuit and will have to

---

[1] It appears that any § 2255 motion filed by Martinez likely would be time-barred because it was not filed within one year after his judgment became final, the typical limitations period for such motions. The Court need not address that issue at this time, however.

establish certain grounds in order to obtain that approval.[2] See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In light of the foregoing, if Martinez wishes to supplement his motion with additional grounds, or wishes to voluntarily withdraw his motion, he must do so within 45 days after the entry of this Order. If he fails to do so, this Court will construe his motion as a § 2255 motion, and will rule on it. Additionally, the Clerk is directed to mail Martinez a set of blank § 2255 forms.

ORDERED this 5th day of December 2005.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[2] The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.