IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-02-252 (6) |
| | § | C.A. No. C-06-87 |
| ANDRES MARTINEZ, | § | |
| | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Andres Martinez's ("Martinez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 232).[1] His motion was originally styled as a motion seeking relief pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). In the motion, Martinez claims that his sentence was enhanced based on facts neither admitted by him nor found by a jury beyond a reasonable doubt and that his sentence is thus unconstitutional. He requests that this Court resentence him in light of Booker.

In an order entered December 5, 2005, the Court notified Martinez that it intended to construe his motion as a motion pursuant to 28 U.S.C. § 2255. Pursuant to the directives of Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003), the Court gave Martinez

---

[1] Dockets entries refer to the criminal case, C-02-cr-252.

1

the opportunity to supplement his motion or to voluntarily withdraw his motion. (D.E. 234). The order requested that any such request from Martinez be filed within 45 days after the entry of the Order.  Thus, he had until January 19, 2006 to respond.  The Clerk was also directed to mail Martinez blank § 2255 forms.

To date, Martinez has not filed anything in response to the Court's order. Accordingly, his motion for resentencing is hereby construed as a motion pursuant to 28 U.S.C. § 2255 and is addressed herein.

The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. For the reasons set forth below, the Court DENIES Martinez's motion as time-barred. Additionally, the Court DENIES Martinez a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On September 9, 2002, Martinez and several co-defendants were charged in a multiple-count indictment.  Martinez was named in count two and charged with:  1) conspiring to knowingly and intentionally possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (D.E. 1). Martinez pleaded guilty to count three pursuant to a written plea agreement on November 1, 2002. (D.E. 107, 108).

Martinez was sentenced on January 21, 2003, and judgment of conviction and sentence was entered January 24, 2003. (D.E. 155, 158). Martinez appealed, and the Fifth Circuit affirmed in a per curiam opinion issued on October 21, 2003. (D.E. 187, 188). He did not file a petition for writ of certiorari.[2] On October 6, 2005,[3] Martinez filed his motion for relief pursuant to Booker, supra. (D.E. 232). That motion, construed as a § 2255 motion, is now pending before the Court.

### III. DISCUSSION

**A. Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[4] 28 U.S.C. § 2255. The

---

[2] The Fifth Circuit's docket sheet in his appeal does not indicate that a petition was filed with the Supreme Court.

[3] Martinez's motion was received by the Clerk on October 11, 2005, but is dated October 6, 2005, and contains a certificate indicating that it was delivered to prison authorities for mailing on that date. Pursuant to Houston v. Lack, 487 U.S. 266. 276 (1988), it is deemed filed as of the date it is provided to prison officials for mailing. See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court thus deems it filed on October 6, 2005.

[4] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the

Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, Martinez did not petition for a writ of certiorari. Accordingly, his conviction became final when the time for seeking certiorari expired, 90 days after the Fifth Circuit's issued its opinion. The Fifth Circuit issued its opinion on entered judgment on October 21, 2003. Thus, Martinez's conviction became final ninety days later, or on January 20, 2004.[5]

He had one year from that date, or until January 20, 2005, to file a § 2255 motion. Because he did not file his motion until October 6, 2005, it was filed more than eight months late. Accordingly, it is untimely and this Court does not have jurisdiction to consider it.

Martinez could attempt to rely on subsection (3) of the limitations period in § 2255, which allows a motion to be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

---

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[5] Ninety days after the Fifth Circuit's issuance of its opinion was actually Monday, January 19, 2004, which was a federal holiday.

4

the Supreme Court and made retroactively applicable to cases on collateral review." This section is only applicable, however, if <u>Booker</u> applies retroactively on collateral review. Put differently, if <u>Booker</u> applies retroactively to cases on collateral review, then Martinez's <u>Booker</u> claim is arguably timely under § 2255(3).

The Fifth Circuit has squarely held, however, that <u>Booker</u> is not retroactively applicable on collateral review. <u>United States v. Gentry</u>, 432 F.3d 600, 605 (5th Cir. 2005). ("we join the several court of appeals that have held that <u>Booker</u> does not apply retroactively to initial § 2255 motions"). Accordingly, his <u>Booker</u> claim is not rendered timely under § 2255(3). Moreover, the holding of <u>Gentry</u> means that, even if his motion were timely, <u>Booker</u> would not provide a basis for relief to a defendant such as Martinez, whose conviction became final before the case was decided. <u>Gentry</u>, 432 F.3d at 603-04 & n.2. Accordingly, Martinez's motion fails.

**B.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Martinez has not yet filed a notice of appeal, this Court

nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). Martinez's motion fails both because he has not stated a valid claim of the denial of a constitutional right, in light of Booker's non-retroactivity, and because he cannot establish the second Slack criterion.  That is, reasonable jurists could not disagree that his motion is time-barred, nor could they disagree that the Court's procedural ruling on this point is correct.  Accordingly, Martinez is not entitled to a COA.

### IV.  CONCLUSION

For the above-stated reasons, Martinez's motion under 28 U.S.C. § 2255 (D.E. 232) is DENIED.  The Court also DENIES Martinez a Certificate of Appealability.

Finally, because Martinez's motion is being construed as a motion pursuant to 28 U.S.C. § 2255, the Clerk is hereby directed, for statistical and administrative purposes, to:

6

1) open a new civil action as related to Martinez's § 2255 motion; 2) docket his motion (D.E. 232), the Court's prior order (D.E. 234) and this Order in the civil case; and 3) close the civil case on the basis of this order.

    ORDERED this 19th day of February, 2006.

_____<br>
HAYDEN HEAD<br>
CHIEF JUDGE